Opinion of Court below—Opinion of the Court. [255 Pa.
Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 300,
and followed in Piepke v. Philadelphia & Reading Ry.
Co., 242 Pa. 321, and in a number of other cases.

After a careful review of the whole case we are not
satisfied that we were in error in the submission of the
case to the jury or that the case establishes such evidence
as brings it within the rule that there is no duty upon
the defendant company, or its employees, to be on the
lookout for trespassers, as contended for by defendant.

Verdict for plaintiff for $1,770.83 and judgment there-
on. Defendant appealed.

*Errors assigned,* among others, were in refusing to di-
rect a verdict for defendant and in refusing to enter
judgment for defendant n. o. v.

*John H. Wilson,* of *Wilson & McQuistion,* with him
*Templeton & Whiteman,* for appellant.

*W. H. Martin,* with him *Samuel Walker,* for appellee.

PER CURIAM, January 8, 1917:
The judgment is affirmed by an equally divided court.

---

# Foster v. Butler County Light Company, Appellant.

*Negligence — Master and servant — Electric companies — Con-
tributory negligence—Case for jury—Damages—Death.*

1. Where in an action to recover damages for the death of plain-
tiff's husband it appeared that deceased was engaged in stringing
a telephone wire from one side of the street to another, that the
wire came in contact with a high tension wire, and that deceased
was ordered by his superior to cut the wire with pliers whereby he
received the electric shock which caused his death, the case was
properly submitted to the jury.

2. Where, in such case, defendant offered evidence that the su-

perior of deceased ordered plaintiff to "get up on the wagon and cut the wire" it was competent for the plaintiff to prove that the wagon was not a place of safety.

3. Where an employee was working under the immediate supervision of a superior, who was urging him to exercise haste, he was not required to use the same measure of care as he would have been required to use except for the haste urged by the employer, and the question of the contributory negligence of the deceased was for the jury.

4. In an action by a widow to recover damages for the death of her husband, where several witnesses on the part of the plaintiff testified as to the age of the deceased, the expectancy of his life, his occupation, the wages he was receiving at and before the time of the accident, the condition of his health, his habits of life as to industry, and that deceased was living with and keeping his wife and children, there is sufficient to warrant a verdict for substantial damages, although there may be no proof by direct evidence of the actual amount in money contributed by the husband for the benefit of his wife and family.

Argued Oct. 3, 1916. Appeal, No. 95, Oct. T., 1916, by defendant, from judgment of C. P. Butler Co., June T., 1916, No. 106, on verdict for plaintiff, in case of Rebecca H. Foster v. Butler County Light Company, a Corporation. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

REIBER, P. J., filed the following opinion, sur defendant's motion for judgment n. o. v.:

This matter came on to be heard on motion for judgment non obstante veredicto and a new trial on part of defendant.

This is an action in trespass brought by plaintiff to recover damages for the death of her husband, who was employed as a lineman by defendant company and whilst assisting in stringing a telephone wire from one side of the street in the Borough of Butler to the other side, across a high tension wire maintained in the middle of the street, met his death. The telephone wire coming in

contact with the high tension wire and deceased, while attempting to cut the wire with a pliers in his hand, was killed by the shock. The plaintiff bases her case upon the claim that her husband was killed while obeying the order of his superior, a lineman in charge of the work.

Defendant first contends, in support of the pending motion, that there is no liability on part of the defendant company, as deceased did not obey the order and was killed by doing some other act not in accordance with the requirements of the order, holding that this was not a question of fact for the jury but a question of law for the court. This contention might be true if defendant is warranted in assuming that the order of the superior was to "get up on the wagon and cut the wire," as testified to by Dobson. There was some variance, however, in the evidence as to what order was actually given to the deceased. W. L. Mays, who was in his shop at the side of the street, six or seven feet from pole, with the door open, testified he heard some person calling two or three times "Cut the wire," and looked out and saw deceased falling. Witness could not see the top of pole where the lineman was located at the time the order was given and was unable to state the person who actually gave the order, as his range of vision was confined to the lower part of pole on which the lineman was located. The testimony of Mrs. Mays, who was located in the house, along the street, with the window open, was substantially to the same effect.

This testimony was relevant, not as to the particular person who gave the order, which fact is not controverted, but is important and to be considered by the jury with the other testimony in the case as to what order was actually given by the lineman to the deceased. Under the evidence therefore we are of the opinion that it was our duty on this branch of the case to submit to the jury, as questions of fact for their determination, as to what order was given to deceased, and if he was killed in obeying or disregarding the order so given.

The next reason assigned by defendant is that the court erred in admitting evidence as to the wagon and its character as a place of safety to cut the wire. The deceased was standing beside the wagon and upon which the reel of wire was located when the order was given, and the wagon was or might be a material fact in the case as to the performance of duty or exercise of due care either by deceased or defendant. If the order had been, as contended by defendant, "Get up on the wagon and cut the wire," it was competent for the plaintiff to offer testimony tending to show that the wagon was not a place of safety, as intimated by defendant. It is not controverted that the order was, in substance, to cut the wire, and the method and manner of its execution was only material in that it was a protection to deceased under the circumstances.

It is further contended by defendant that deceased was guilty of contributory negligence. In determining this question it is necessary to view the evidence in the most favorable light for deceased and give him the benefit of every reasonable inference which may be drawn from the testimony. We are not prepared to say as a matter of law that deceased was negligent, but in our opinion this was a question of fact for the jury for their determination under the general principle governing the question of contributory negligence. We reach this conclusion notwithstanding there was evidence in the case modifying the general rule and supporting the contention by plaintiff that the principle applies as ruled in Lee v. Woolsey, 109 Pa. 124, and followed by the appellate court in a number of kindred cases: "When an employee is working under the immediate supervision of his employer, who is spurring him to hurry the work, the employee will not be held to the same measure of care that would be required of him if the circumstances afforded opportunity for more deliberate care. And when such an employee, working in a dangerous employment, was injured by an accident which would probably not have

happened except for the haste urged by the employer, the question of contributory negligence in an action brought by an employee against his employer is one for the jury."

It is further complained by defendant that if plaintiff is entitled to recover under the proofs in the case she is entitled to recover only nominal damages. It is admitted that the court instructed the jury as to the proper measure of damages in the case, but it is claimed that there was no evidence upon which to base such instructions. The degree of proof in such cases must vary. It is frequently impossible to prove by direct evidence the actual amount in money contributed by a husband for the benefit of his wife and family. Several witnesses on part of plaintiff testified as to the age of deceased, the expectancy of his life, his occupation, the wages he was receiving at and before the time of accident, the condition of his health, his habits of life as to industry, and that deceased was living with and keeping his wife and children. This testimony, in our opinion, is sufficient to support substantial damages.

On review of the whole case we are not convinced that there was error in disposing of the points submitted by plaintiff and defendant.

Verdict for plaintiff for $4,456.30 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing to direct a verdict for defendant.

*Charles F. Patterson,* with him *Francis R. Harbison,* for appellant.

*John B. Greer,* with him *Jackson & Troutman,* for appellee.

PER CURIAM, January 8, 1917:

We are all of opinion that the case was for the jury and, having been properly submitted, the judgment is affirmed.